DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Dave Walter, Inc. has appealed from the decision of the Akron Municipal Court that adopted the magistrate's decision which found in favor of Plaintiff-Appellee Karrie Kalail. This Court reverses.
 I {¶ 2} On June 22, 2004, Plaintiff-Appellee Karrie Kalail filed a complaint in the Akron Municipal Court against Defendant-Appellant Dave Walter, Inc. alleging a deceptive sales practice in violation of the Consumer Sales Practices Act. The matter went before a magistrate and Appellant failed to appear. On March 21, 2005, the magistrate issued its decision finding in favor of Appellee. On April 4, 2005, Appellant filed objections to the magistrate's decision arguing that it never received notice of the magistrate's hearing and therefore the decision should be vacated; Appellee timely responded to Appellant's objections. The trial court adopted the magistrate's decision and found that the evidence showed that mail and telephone notice were executed on Appellant regarding the new hearing date.
 {¶ 3} Appellant has timely appealed the trial court's ruling, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADOPTING THE MAGISTRATE'S RULING IN FAVOR OF APPELLEE DESPITE [APPELLANT'S] OBJECTIONS THAT DAVE WALTER RECEIVED NO ACTUAL NOTICE OF THE HEARING ON APPELLEE'S COMPLAINT."
 {¶ 4} In its sole assignment of error, Appellant has argued that the trial court erred in adopting the magistrate's decision when Appellant did not receive notice of the hearing before the magistrate. Specifically, Appellant has argued that the evidence does not support the trial court's conclusion that no evidence was presented that Appellant did not receive notice. We agree.
 {¶ 5} A decision to modify, affirm, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion suggests more than a mere error in judgment, but indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
 {¶ 6} Pursuant to Loc.R. 6:
"The Akron Legal News is the official daily journal of the Municipal Courts of Summit County as authorized O.R.C. 2701.09. Publication in the Akron Legal News shall be deemed official and complete notification to all local counsel of any assignment of any case for any purpose, and it shall be the duty of counsel to ascertain such notice from The Akron Legal News. Non-local counsel and parties representing themselves shall be notified by mail. Notwithstanding provisions of any rule to the contrary, any mail notification provided shall be sufficient."
In the instant matter, Appellant's counsel maintains its offices in Brecksville, Ohio, which is in Cuyahoga County. Accordingly, we find that Appellant's counsel was not local counsel and the trial court was required to notify said counsel by mail of the new hearing date. With that requirement in mind we turn to the evidence of record.
 {¶ 7} A review of the record reveals the following relevant documents: 1) the court docket; 2) a notice dated October 7, 2004; 3) a memo dated October 7, 2004; 4) a notice dated January 7, 2005; 5) a fax cover sheet; 6) a memo dated April 28, 2005; and 7) an affidavit from Appellant's counsel. We begin with the docket; the docket does not contain a notation of the hearing date of January 7, 2005. It does not cite the hearing as scheduled or having occurred on that date. We find this troubling because if one follows the argument that a lawyer is responsible for maintaining his case load and knowing when his hearings are set, then the lawyers in this case could not rely on the court docket for that information. We also note that this case's docket was not available online for review.
 {¶ 8} The second document of interest to this Court is the notice dated October 7, 2004. It lists the new hearing date as January 7, 2005, but does not list Appellant's counsel as receiving notice of the new date. The "NOTICES TO" section only lists the Appellant as a company, not Appellant's counsel as being sent notice of the hearing date. The trial court knew Appellant was represented by counsel, but from the notice form, the trial court did not send notice to said counsel.
 {¶ 9} The third document is a memo from the trial court's support staff that states that Appellant's counsel was called about the new date and a message was left. But the memo does not state who received the message or if it was left with an automated service that confirmed the staffer had called Appellant's counsel.
 {¶ 10} The fourth document was sent in response to Appellant's counsel's January 7, 2005 request for evidence that notice was sent regarding the new hearing date. The information counsel received was a notice sheet that differed from the prior notice sheet in the following ways: 1) the date the document was created is listed as January 7, 2005, which was the current date; 2) Appellant's counsel is listed in the upper left section along with her address; and 3) the "NOTICES TO" section lists Appellant's counsel as being sent notice of the new hearing date. It is clear that the notice form sent to Appellant's counsel on January 7, 2005 was not a copy of the original notice.
 {¶ 11} The fifth document this Court finds relevant is the fax cover sheet that accompanied the previous document. Typed onto the cover sheet was the following sentence: "Attorney Rhoades, a copy would not of gone to the client, only to your office." Such a statement is contrary to the other documents in the file; the original notice form was clearly not sent to counsel because it lists the client in the "NOTICES TO" section.
 {¶ 12} The sixth document is a memo from a trial court staff member to the file that states that notice was not issued in the Akron Legal News, but "notices were sent and that the defendant has been involved in multiple cases." We find this document relevant because by its own admission the trial court did not adhere to Loc.R. 6. The memo does not explain where notices were sent or who was sent notices. Moreover, we question why it was noted that the Appellant had multiple cases when the only relevant issue was whether Appellant's counsel received notice of the hearing in this case; whether or not he received notice on other cases is irrelevant.
 {¶ 13} The final document relevant to whether or not Appellant and/or its counsel received notice is Appellant's counsel's affidavit which avers that neither counsel nor Appellant received notice of the hearing. The affidavit was attached to Appellant's objections to the magistrate's decision. Appellant's counsel rebutted the evidence from the file and made a sworn statement that her office did not receive notice of the January 7, 2005 hearing; she also averred that her client did not receive notice.
 {¶ 14} After a thorough review of the record, we find that the trial court abused its discretion in adopting the magistrate's decision and overruling Appellant's objections. Our decision is based on the inconsistent documents in the trial court's record, the trial court's failure to comply with Loc.R. 6., and the trial court's failure to acknowledge the rebuttal evidence presented by Appellant's counsel. The journal entry adopting the magistrate's decision stated: "There is nothing in the file to indicate that the defendant did not receive the notice." While we make no judgment regarding whether or not Appellant did actually receive notice, we find that the file contained several documents indicating Appellant did not receive proper notice and the trial court must consider and address all the evidence in the file. Based on the foregoing, we find that the trial court did abuse its discretion in overruling Appellant's objections to the magistrate's decision.
 {¶ 15} Appellant's sole assignment of error has merit.
 III {¶ 16} Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Moore, J., concur.