[Cite as *Pearson v. Pearson*, 2011-Ohio-4880.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

REBECCA PEARSON

    Appellant

    v.

GLENN PEARSON

    Appellee

C.A. No.     10CA0068-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     06DR0567

DECISION AND JOURNAL ENTRY

Dated: September 26, 2011

MOORE, Judge.

{¶1} Appellant, Rebecca Pearson, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} On September 14, 2006, Appellant, Rebecca Pearson ("Wife") filed a complaint for divorce from her husband, Appellee, Glenn Pearson ("Husband"). On September 26, 2006, Husband filed an answer and counterclaim. After the parties conducted discovery the trial court referred the matter to mediation. Later, the matter was stayed for a lengthy period of time due to bankruptcy proceedings. After numerous status reviews, on May 21, 2009, the magistrate entered an order that scheduled the uncontested divorce hearing for July 15, 2009, at 3:00 p.m. Wife failed to appear for the hearing. At that time, the magistrate conducted a hearing at which Husband and Kurt Card testified. On August 10, 2009, the magistrate issued a decision that granted the parties a divorce and included a shared parenting plan.

{¶3}    On August 18, 2009, Wife filed a pro se objection to the magistrate's decision that included an argument that she was unaware of the July 15, 2009 hearing.  On August 19, 2009, a notice of hearing was filed and indicated that a hearing on Wife's objections to the magistrate's decision was scheduled for October 28, 2009, at 1:30 p.m.  On November 18, 2009, another notice of hearing was filed and indicated that a hearing on Wife's objections to the magistrate's decision was scheduled for December 16, 2009, at 9:00 a.m.  On December 30, 2009, Wife's counsel, retained for the October 28, 2009 hearing on Wife's objections, filed a "motion to supplement objections filed by [Wife] dated August 16, 2009/motion for relief pursuant to Rule 75F of the Ohio Rules of Civil Procedure/motion pursuant to rules 60(B)(1) & 60(B)(5)."  Attached to that motion was an affidavit of Wife averring that she had no counsel at the time of the divorce hearing and that she did not receive notice of the hearing.  On May 24, 2010, the trial judge filed a judgment entry that overruled Wife's objections, adopted the magistrate's decision, and separately entered judgment.

{¶4}    Wife timely filed a notice of appeal.  She raises one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR

"[WIFE] ASSERTS THAT SHE WAS DENIED MINIMAL DUE PROCESS BASED UPON THE FAILURE OF THE COURT TO NOTIFY HER OF THE 'UNCONTESTED FINAL HEARING SCHEDULED AND HEARD ON JULY 15TH, 2009.' [WIFE] ASSERTS THAT THE FAILURE OF THE COURT TO NOTIFY HER OF THAT HEARING DENIED HER OF THE MINIMAL DUE PROCESS TO WHICH SHE WAS ENTITLED.  THE TRIAL COURT'S FAILURE TO OVERRULE THE MAGISTRATE'S ORDER, IN ITS JUDGMENT ENTRY OF MAY 24TH, 2010, CONSTITUTES AN ABUSE OF DISCRETION ON THE PART OF THE TRIAL COURT."

**{¶5}** In her assignment of error, Wife contends that the trial court denied her of her minimal due process rights when it failed to notify her of the uncontested divorce hearing and failed to overrule the magistrate's order resulting from that hearing. We do not agree.

**{¶6}** This appeal arises from the trial court's adoption of the magistrate's decision. Such a decision to modify, adopt, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Kalail v. Dave Walter, Inc.*, 9th Dist. No. 22817, 2006-Ohio-157, at ¶5, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. On appellate review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, at ¶18.

**{¶7}** Wife is correct in her assertion that all litigants are entitled to minimal due process. Due process of law is guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. "Due process requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Didado v. Didado* (Apr. 24, 2002), 9th Dist. No. 20832, at *1; *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314. Civ.R. 75(L) requires "[i]n all cases where there is no counsel of record for the adverse party, the court shall give the adverse party notice of the trial upon the merits. The notice shall be made by regular mail to the party's last known address, and shall be mailed at least seven days prior to the commencement of trial."

**{¶8}** In this case, on May 22, 2009, the magistrate filed a magistrate's order that scheduled an uncontested divorce hearing in this matter for July 15, 2009 at 3 p.m. The bottom of the order includes a typed notation "Cc: Rebecca Pearson" and below that, "James Palmquist, III, Esq." The magistrate's decision dated August 10, 2009, that Wife concedes she received,

includes the same notation. The transcript of docket and journal entries in this case from the clerk of courts office reflects that on May 22, 2009, the following was docketed regarding the order: "Magistrate's Order; Divorce Hearing on 7/15/09 at 3:00 P.M.; filed." Wife filed objections with the trial court arguing that she was not made aware of the decision. She further argued that she had lived at the address provided to the court until July 2009, but that she was subsequently forced to move. She conceded that she received the magistrate's decision dated August 10, 2009, that was mailed to her previous address. Nothing in the record indicates that the order sent in May was returned to the clerk as undeliverable.

{¶9} Following Wife's objections, the trial court scheduled an evidentiary hearing. However, the parties opted to submit their arguments by briefs without an oral hearing. Neither party submitted a brief. Husband filed a motion to dismiss on January 14, 2010. The trial court concluded that "[t]he evidence [Wife] provided and a review of the Court's file and computer system reveal that she was notified of the hearing."

{¶10} The record discloses sufficient evidence to support the conclusion that notice of trial was mailed to and received by Wife. Although Wife filed objections, she elected not to go forward with the evidentiary hearing and also failed to submit her arguments by brief. Accordingly, Wife failed to present any evidence to support her contention that the notification requirements of Civ.R. 75(L) were not followed. See *Herrmann v. Herrmann* (June 23, 1983), 8th Dist. No. 45843. She has similarly failed to show an abuse of discretion in trial court's adoption of the magistrate's decision. *Blakemore*, 5 Ohio St.3d at 219. Because Wife has failed to demonstrate noncompliance with Civ.R. 75(L), she has similarly failed to demonstrate that the trial court failed to provide her with due process. Accordingly, Wife's assignment of error is overruled.

5

III.

**{¶11}** Wife's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P.J.
CARR, J.
CONCUR

APPEARANCES:

REESE M. WINEMAN, Attorney at Law, for Appellant.

JAMES B. PALMQUIST, III, Attorney at Law, for Appellee.