[Cite as *Sigman v. Sigman*, 2012-Ohio-5433.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| AARON G. SIGMAN | | C.A. No.     11CA0012 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAURIE T. SIGMAN | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     10-DR-0022 |

DECISION AND JOURNAL ENTRY

Dated: November 26, 2012

MOORE, Judge.

{¶1}   Laurie T. Sigman appeals from the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I.

{¶2}   Aaron and Laurie Sigman ("Husband" and "Wife") were married for 10 years.  In 2010, Husband filed a complaint for divorce, and Wife filed a counterclaim for divorce.  On October 26, 2010, the trial court held a final hearing before a magistrate.  The magistrate issued a decision, in part recommending that Husband pay $200 per month to Wife for spousal support, that Husband assume the entirety of the parties' unsecured marital debt, and that he pay $5506 to Wife as part of the division of the marital property.  Husband objected to the magistrate's decision.  The trial court sustained Husband's objections with respect to the award of spousal support and with respect to the allocation to Husband of the entirety of the parties' unsecured marital debt.  The trial court determined that spousal support was not appropriate in this case,

and that, because the trial court allocated Husband the entirety of the unsecured debt, it would be inequitable to further impose upon him an obligation to pay Wife $5506. The court then issued a decree, which was silent on the issue of spousal support and which eliminated the $5506 payment from the property division provisions. Wife filed a notice of appeal from the decree, and this Court remanded the matter to the trial court for compliance with Civ.R. 75. Thereafter, the trial court entered a divorce decree setting forth that no spousal support was to be awarded, which brought the decree into compliance with Civ.R. 75.

{¶3} Wife now presents two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY SUSTAINING [HUSBAND]'S OBJECTION AND ORDERING AN UNFAIR AND INEQUITABLE DIVISION OF THE MARITAL PROPERTY, WHICH ALLOCATED $5,506[ ]MORE TO [HUSBAND] THAN [WIFE] AS A DIVISION OF MARITAL PROPERTY.

{¶4} In her first assignment of error, Wife argues that the trial court erred in sustaining Husband's objections pertaining to the $5,506 payment and in failing to adopt that portion of the magistrate's decision in the divorce decree. We disagree.

{¶5} A decision to modify, adopt or reverse a magistrate's decision "lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion". *Kalail v. Dave Walter, Inc.*, 9th Dist. No. 22817, 2006-Ohio-157, ¶ 5, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Moreover, the trial court "has broad discretion to determine what property division is equitable in a divorce proceeding." *Cherry v. Cherry,* 66 Ohio St.2d 348 (1981), paragraph two of the syllabus. Therefore, we will not reverse a trial court's decision regarding the division of property, absent an abuse of discretion. *Briganti v.*

*Briganti*, 9 Ohio St.3d 220, 222 (1984). The term "abuse of discretion" connotes "that the trial court's attitude [was] unreasonable, arbitrary or unconscionable." *Blakemore* at 219.

**{¶6}** R.C. 3105.171(C)(1) provides in part,

> [T]he division of marital property shall be equal. If an equal division of property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable.

**{¶7}** In determining what is equitable, "the court shall consider all relevant factors, including those set forth in [R.C. 3105.171(F)]." *Id.* Those factors include the following:

> (2) The assets and liabilities of the spouses;
>
> * * *
>
> (10) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.171(F). "Upon review, this Court must consider the distribution in its entirety under the totality of the circumstances." *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, ¶ 13, citing *Jelen v. Jelen*, 86 Ohio App.3d 199, 203 (1st Dist.1993).

**{¶8}** Here, the magistrate recommended that Husband receive approximately $41,913 worth of marital assets and be apportioned the entirety of the unsecured marital debt in the amount of $26,790. The magistrate then recommended that Wife receive approximately $4,111 worth of marital assets, that she not be liable for any portion of the unsecured debt, and that Husband pay to her $5,506 "[t]o equalize the property division[.]" Husband objected to the magistrate's decision regarding allocation of the entirety of the unsecured marital debt to him, and the trial court sustained his objection.

**{¶9}** Wife argues that the trial court lacked a basis for unequally dividing the parties' property. However, the trial court determined that "the allocation of all marital debts to [Husband was] not equitable," and that the "remedy [wa]s the elimination of the $5,506[

]property division payment." Therefore, the trial court determined that an equal division of property would have been inequitable in this case, and that removal of the equalizing payment resulted in an equitable division. *See* R.C. 3105.171(C)(1). We cannot say that the trial court's ruling on this issue was unreasonable, arbitrary, or unconscionable. *See Blakemore* at 219. Therefore, Wife's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FINDING THAT IT WAS NOT REASONABLE OR APPROPRIATE FOR [WIFE] TO RECEIVE A SPOUSAL SUPPORT OBLIGATION PAYABLE BY [HUSBAND] IN THE AMOUNT OF $200[ ]PER MONTH FOR A PERIOD OF TWENTY-FOUR MONTHS.

{¶10} In her second assignment of error, Wife argues that the trial court erred in declining to adopt the magistrate's recommendation that Husband pay her spousal support in the amount of $200 per month for a 24-month term. We disagree.

{¶11} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C. 3105.18(B). Here, the trial court declined to adopt an award of spousal support as recommended by the magistrate. As set forth in our discussion of Wife's first assignment of error, a decision to modify, adopt, or reverse a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion. *Kalail*, 2006-Ohio-157, at ¶ 5, citing *Blakemore,* 5 Ohio St.3d at 219. Moreover, "[a] trial court has wide latitude in awarding spousal support. As such, absent an abuse of discretion, an appellate court will not reverse a trial court's decision regarding spousal support." *Abram v. Abram*, 9th Dist. No. 3233-M, 2002 WL 22894, *1 (Jan. 9, 2002), citing *Vanderpool v. Vanderpool*, 118 Ohio App.3d 876, 878-79 (9th Dist.1997). However, a trial court's broad discretion in regard to spousal support must be guided by the factors set forth in R.C. 3105.18(C)(1). R.C. 3105.18(C)(1) provides:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, * * * the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶12} Need is not a basis for an award of spousal support; rather, the court must consider the factors set forth in R.C. 3105.18(C)(1) and determine within its sound discretion whether spousal support is appropriate. There is no requirement that the court enumerate each

factor, but the court must provide a sufficient basis to support its decision. *West v. West*, 9th Dist. No. 01CA0045, 2002 WL 388845, *9 (Mar. 13, 2002).

{¶13} Here, Wife argues that the magistrate properly analyzed her request for spousal support utilizing the factors set forth in R.C. 3105.18(C)(1). In the magistrate's decision, the magistrate concluded that, due to the likelihood of Husband continuing a side business of grinding tree stumps, it was reasonable and appropriate for spousal support to be awarded to Wife in the amount of $200 per month for 24 months.

{¶14} Husband objected to the magistrate's decision on this point, and, in sustaining Husband's objection, the trial court noted, "The Magistrate did not cite the R.C. 3105.18 factors which support this award. These parties have struggled financially during their relatively short term marriage. The [Husband]'s income is barely above minimum wage. [Wife] works part-time at Kohl's and receives child support. During the marriage, she became certified as a radiology technician. She has not found employment in that field as of yet. Given these facts, the Court believes that this is not a case for spousal support and sustains [Husband]'s objection."

{¶15} Thus, the trial court supported its determination that spousal support was not warranted in this case by specific reference to the parties' earning capabilities, the duration of the parties' marriage, and the parties' education. *See* R.C. 3105.18. We cannot say that the trial court's determination that spousal support was not appropriate in this situation was an abuse of discretion. *See Blakemore* at 219. Accordingly, Wife's second assignment of error is overruled.

III.

{¶16} Wife's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ROSANNA K. SHRINER, Attorney at Law, for Appellant.

RENEE J. JACKWOOD, Attorney at Law, for Appellee.