[Cite as *Walters v. Walters*, 2013-Ohio-636.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

EDWARD D. WALTERS

    Appellant

    v.

YONNA M. WALTERS

    Appellee

C.A. No.    12CA0017-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    99DR0646

DECISION AND JOURNAL ENTRY

Dated: February 25, 2013

BELFANCE, Judge.

{¶1} Edward Walters appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, modifying his spousal support obligation. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Walters and Yonna Walters were married for 36 years before they divorced in 2000. Mr. Walters was required by the divorce decree to pay $2,300 per month in spousal support for an indefinite period, and the trial court retained jurisdiction to modify the spousal support obligation. In 2009, Mr. Walters moved to modify spousal support, alleging that his income had been substantially reduced since the original order. Following a hearing, the magistrate issued a decision that recommended that spousal support be reduced to $1,418 per month. The magistrate found that the parties had been married for 36 years, that Mr. Walters' annual income was $52,200, and that Ms. Walters' annual income was $18,176. The magistrate

also found that "the goal of the original spousal support was one of income equalization[]" and determined that a monthly spousal support obligation of $1,418 was appropriate, noting that this would again equalize the parties' incomes.

{¶3} The trial court adopted the magistrate's decision that day, finding that a change of circumstances not contemplated at the time of the divorce had occurred and ordering that Mr. Walters pay $1,418 a month in spousal support. Mr. Walters objected to the magistrate's decision, but the trial court overruled his objections, affirming its earlier judgment as the order of the court.

{¶4} Mr. Walters has appealed, raising two assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY IMPUTING RENTAL INCOME TO HUSBAND FOR A PROPERTY THAT WAS AT THAT TIME VACANT.

{¶5} In Mr. Walters' second assignment of error, he argues that the trial court abused its discretion when it considered his potential earnings from his rental property. We disagree.

{¶6} Generally, "[w]hen reviewing an appeal from the trial court's ruling on objections to a magistrate's decision, this Court must determine whether the trial court abused its discretion in reaching its decision." *Daniels v. O'Dell*, 9th Dist. No. 24873, 2010–Ohio–1341, ¶ 10. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049–M, 2009–Ohio–3139, ¶ 18.

{¶7} In this case, Mr. Walters objected to the finding that he could receive $880 per month from his rental property. Mr. Walters is essentially making a manifest weight argument.

*See King v. King*, 9th Dist. Nos. 11CA0006-M, 11CA0023-M, 11CA0069-M, 2012-Ohio-5219, ¶ 31. When reviewing the manifest weight of the evidence in civil matters,

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Internal quotations and citations omitted.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, ¶ 20.

{¶8}    At the evidentiary hearing, Mr. Walters submitted exhibits related to his income from the rental property. However, these exhibits are not part of the record on appeal, and it is the duty of the appellant to ensure that the record on appeal is complete.[1] (Internal quotations and citations omitted.) *Rice v. Bowler*, 9th Dist. No. 25960, 2012-Ohio-2612, ¶ 6. Without the evidence submitted to the court below, this Court must presume regularity in the proceedings below. *See Nelson v. Nelson*, 9th Dist. No. 10CA0115-M, 2011-Ohio-6200, ¶ 15.

{¶9}    Furthermore, Mr. Walters' argument is essentially that, because he testified that one of his rental units had been vacant for two months, the trial court was limited to considering the income from the rented unit. However, Mr. Walters also testified that he had owned the property in question for 25 to 30 years and that, during all of that time, he had never had a vacancy in excess of 4 or 5 months. Thus, we cannot conclude that the trial court erred when it overruled his objection to the magistrate's finding that he could receive $10,560 a year from the property based on his testimony that he rented both units for $440 per month.

{¶10}   Accordingly, Mr. Walters' second assignment of error is overruled.

---

[1] Mr. Walters was granted 10 days to supplement the record; however, he failed to do so.

ASSIGNMENT OF ERROR I

THE AMOUNT OF WIFE'S SPOUSAL SUPPORT IS NEITHER APPROPRIATE NOR REASONABLE.

**{¶11}** Mr. Walters argues in his first assignment of error that the trial court abused its discretion when it lowered his spousal support obligation to $1,418 per month.

**{¶12}** A trial court has wide latitude when awarding spousal support, and, thus, such an award will not be reversed absent an abuse of discretion. *Sigman v. Sigman*, 9th Dist. No. 11CA0012, 2012-Ohio-5433, ¶ 11. An abuse of discretion implies that the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "However, a trial court's broad discretion in regard to spousal support must be guided by the factors set forth in R.C. 3105.18(C)(1)." *Sigman* at ¶ 11.

**{¶13}** R.C. 3105.18(C)(1) directs the trial court to consider at least 13 factors when determining whether spousal support is appropriate and reasonable. These include the parties' income, age, health, retirement benefits, as well as their relative education, assets, and earning capacity. The court must also consider the standard of living enjoyed by the parties during the marriage, the tax consequences of spousal support, the duration of the marriage, any lost earning capacity due to a party's marital duties, and whether one party had contributed to the education or training of the other as well as the costs and time necessary for the petitioning spouse to attain additional education, training or experience. In addition to these factors, the trial court may also consider "any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1)(n). While a trial court must consider the factors set forth in R.C. 3105.18(C)(1) and provide a sufficient basis to support its decision, there is no requirement that the court enumerate each factor in its decision. *Sigman* at ¶ 12.

{¶14} As we mentioned above, the appellate record does not contain exhibits submitted by Mr. Walters at the magistrate's hearing related to the income from his rental property. Nor does it contain his tax returns, Ms. Walters' tax returns, or exhibits related to the income of Mr. Walters' business, all of which were submitted into evidence at the magistrate's hearing. Thus, because the record is incomplete, we must presume regularity in the proceedings. *See Nelson*, 2011-Ohio-6200, at ¶ 15.

{¶15} Mr. Walters argues that the trial court failed to consider his failing health when it determined the modified amount of spousal support. However, Mr. Walters never raised this issue in his objections to the magistrate's decision, and, therefore, he has forfeited it. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."). Furthermore, all of the evidence submitted at the hearing was about Mr. Walters' earning ability after he had already suffered his health problems, and Mr. Walters even testified that he felt that he was in good health. Thus, based on the record before us, we cannot say the trial court erred when it did not adjust Mr. Walters' income based on his health.

{¶16} Mr. Walters also suggests that the trial court failed to consider potential income from the savings accounts Ms. Walters had received in the distribution of property. However, Mr. Walters never submitted any evidence of what Ms. Walters could earn from the savings accounts. Thus, we cannot conclude that the trial court erred to the extent it did not consider her potential income from those accounts.

{¶17} Mr. Walters' final argument is essentially that the trial court's reasoning was unclear because it did not enumerate all of the factors in R.C. 3105.18(C)(1). However, as stated above, there is no requirement that the trial court do so. *Sigman*, 2012-Ohio-5433, at ¶ 12. Based on the facts of this case, we cannot say that the trial court abused its discretion when it determined that a spousal support payment of $1,418 per month was appropriate.

{¶18} Accordingly, Mr. Walters' first assignment of error is overruled.

## III.

{¶19} Mr. Walters' assignments of error are overruled, and the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

REBECCA A. CLARK, Attorney at Law, for Appellant.

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellee.