[Cite as *Forster v. De Young*, 2013-Ohio-679.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MICHAEL A. FORSTER

    Appellant

    v.

LAURA A. DE YOUNG

    Appellee

C.A. No.    26467

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2007-05-1463

DECISION AND JOURNAL ENTRY

Dated: February 27, 2013

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Michael Forster ("Father"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part and reverses in part.

I

{¶2} Father and Defendant-Appellee, Laura De Young ("Mother"), were married in September 2005 and had one child together: a daughter born in April 2006. Father filed a complaint for divorce in May 2007, and Mother filed a counterclaim for the same. The parties were granted a divorce on October 31, 2008. On that day, the trial court journalized a decree of divorce based upon an agreement that had been read into the record and a shared parenting plan that had been submitted to the court. Per the agreement, both parties were named residential parents of their child and afforded shared parenting time according to the schedule set forth in the shared parenting plan. Certain aspects of the shared parenting plan were later modified by an

agreed entry, filed July 17, 2009.  The agreed entry set forth Father's child support obligation as $250 per month.

{¶3}    From the inception of the litigation, the parties filed a great deal of motions. Because there were times that the parties were not represented by counsel, many of the motions were filed pro se.  The majority of the parties' motions dealt with companionship issues, owing to disputes over parenting time, but the amount of child support Father paid also became an issue.  Of particular importance to this appeal, on July 28, 2009, Mother filed a motion to adjust the parties' parenting time and to modify child support.  When the trial court did not address the portion of Mother's motion requesting a support modification, Mother filed another motion on September 1, 2009, to proceed with the child support modification.  After a contempt hearing later the same month, a magistrate issued a decision on Mother's July 28th motion that the court later adopted.  Although the court's decision addressed the companionship portion of Mother's July 28th motion, it did not address the child support issue.  Over the next several months, additional companionship issues arose.

{¶4}    On May 25, 2010, the magistrate held a hearing to address Father's motion to hold Mother in contempt for failing to comply with the parenting time schedule.  Father appeared pro se at the hearing while Mother appeared with an attorney who had been appointed solely to defend Mother on the contempt issue.  Once the magistrate addressed the contempt motion, the magistrate then indicated that Mother's motion to modify child support would be addressed. Father notified the magistrate that he was not aware the motion was going to be addressed at the hearing and was not prepared to address it, but the magistrate nonetheless went forward on the motion. The magistrate questioned both parties as to their employment and incomes.  Both parties indicated that they were unemployed with Father having lost his job in January 2010.

After the hearing, the magistrate issued a decision that addressed the outstanding companionship issues and also increased Father's child support obligation. The magistrate ordered Father to pay retroactive support in the amount of $643.08 per month for the period of July 28, 2009, to January 9, 2010, the date when Father lost his job. For the period of January 9, 2010, forward, the magistrate ordered Father to pay support in the amount of $333.67 per month. The trial court adopted the magistrate's decision on June 29, 2010.

{¶5} On July 13, 2010, Father filed objections to the magistrate's decision. Inexplicably, the trial court did not rule on the objections until May 1, 2012. The trial court overruled all of Father's objections and entered judgment in accordance with the magistrate's recommendation on the issues of companionship and child support.

{¶6} Father now appeals from the trial court's judgment and raises four assignments of error for our review.

II

Assignment of Error Number One

APPELLANT WAS DENIED HIS CONSTITUTIONAL DUE PROCESS RIGHT TO REASONABLE NOTICE.

{¶7} In his first assignment of error, Father argues that he was denied his due process rights when he was not afforded reasonable notice that the issue of child support would be addressed at the May 25, 2010 hearing. We agree.

{¶8} Initially, we note that Mother did not file a responsive brief on appeal. As such, this Court may "accept [Father's] statement of the facts and issues as correct and reverse the judgment if [his] brief reasonably appears to sustain such action." App.R. 18(C). Father appears pro se on appeal. With respect to pro se litigants, this Court has repeatedly held that:

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3. With the foregoing in mind, we turn to Father's arguments.

{¶9} Father's argument is essentially that he was denied his procedural due process rights because he was not aware that the May 25, 2010 hearing would encompass Mother's motion to modify child support. "Due process requires that a party receive reasonable notice of judicial proceedings and a reasonable opportunity to be heard." *Pearson v. Pearson*, 9th Dist. No. 10CA0068-M, 2011-Ohio-4880, ¶ 7, quoting *Didado v. Didado*, 9th Dist. No. 20832, 2002 WL 701945, *1 (Apr. 24, 2002). "The inquiry at to what process is due depends on the facts of each case." *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City Sch. Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 177 (1994). "Thus, we review the record to determine whether [Father] received sufficient notice of the subject matter actually addressed at the hearing." *Hale v. Hale*, 9th Dist. No. 2935-M, 2000 WL 109101, *3 (Jan. 26, 2000).

{¶10} There is no question that Father received notice that a hearing would take place on May 25, 2010. The hearing was prompted by Father's motion to hold Mother in contempt for interfering with his parenting time. The record reflects that the trial court originally set the hearing for April 8, 2010. The order scheduling the hearing was entitled "Order to Appear and Show Cause" and specifically indicated that Mother was to appear at the hearing to show cause why she should not be held in contempt. Although the court granted several continuances of the hearing before ultimately scheduling it for May 25th, none of the court's orders indicated that

additional issues or motions would be addressed at the hearing. Interestingly, when Mother filed a motion for a continuance on May 7, 2010, she specifically requested not only that the court continue the hearing, but also that the court's order include "the motions that will be heard that day." The court continued the hearing until May 25th, but never set forth the motions that would be heard that day. A review of all the court's orders regarding the hearing leads one to the logical conclusion that the only motion that would be addressed at the May 25th hearing was Father's motion to hold Mother in contempt.

{¶11} The trial court determined that the magistrate acted within her discretion in hearing Mother's motion to modify child support at the May 25th hearing because the motion was still outstanding and a magistrate "has broad discretion to deal with pending motions in the most expeditious and judicially economical manner possible." The court's handling of Mother's motion to modify child support was hardly expeditious. Mother had filed her motion on July 28, 2009, almost ten months before the contempt hearing. Moreover, a court's discretion in managing its docket does not override the parties' due process rights. Had the court wanted to address the motion to modify at the contempt hearing, it need only have given the parties reasonable notice that it would be doing so. Based upon the court's filed orders, there was no reason for either party to know that the magistrate intended to address Mother's nearly ten-month old motion at the contempt hearing. Father specifically informed the magistrate at the hearing that he was not prepared to address the motion to modify because he was not aware the magistrate intended to hear it that day. Further, neither party even had current financial documents bearing upon the issue of child support with them at the hearing. The record supports the conclusion that Father did not receive "sufficient notice of the subject matter actually

addressed at the hearing." *Hale*, 2000 WL 109101, at \*3. Accordingly, Father was denied his procedural due process rights. His first assignment of error is sustained on that basis.

Assignment of Error Number Two

THE TRIAL COURT ERRED AS A MATTER OF LAW AND OR ABUSED ITS DISCRESSION (sic) IN ENFORCING AN "AGREED ENTRY" NEITHER SIGNED NOR SEEN PRIOR TO ITS JOURNALIZATION[.]

**{¶12}** In his second assignment of error, Father argues that the trial court lacked jurisdiction to enforce the agreed entry that was filed on July 17, 2009. According to Father, both parties had "misgivings" about the agreed entry and neither personally signed the entry prior to its journalization.

**{¶13}** The July 17th agreed entry was signed by the court and the counsel of record for both Mother and Father, as each had representation at that point in the proceedings. The fact that Father and Mother did not sign the document themselves did not create a jurisdictional defect. Moreover, the record reflects that Father failed to challenge the agreed entry at the trial court level. Father never sought to vacate the entry or filed any motion to either remedy or create a record of the alleged "misgivings" he argues that he had regarding the entry. "When reviewing arguments on appeal, this Court cannot consider issues that are raised for the first time on appeal." *Carnegie Cos., Inc. v. Summit Properties, Inc.*, 9th Dist. No. 25622, 2012-Ohio-1324, ¶ 8, quoting *Harris v. Akron*, 9th Dist. No. 24499, 2009-Ohio-3865, ¶ 9. Consequently, we will not reach the merits of Father's argument. Father's second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT ERRED AS A MATTER OF LAW AND OR ABUSED ITS DISCRESSION (sic) IN HEARING IMPROPERLY FILED AND SERVED MOTIONS AS IT LACKS THE JURISDICTION TO DO SO[.]

{¶14} In his third assignment of error, Father argues that the trial court erred by considering the motion to modify that Mother filed on July 28, 2009, because she never served his counsel of record with the motion. He further argues that Mother failed to file and serve a copy of her affidavit of income and expenses with the motion. The record reflects that Mother filed several motions on July 28, 2009, in addition to a financial affidavit. Although Mother's motion to modify instructed the clerk to serve Father at his personal residence, Mother filed a separate request for service the same day. The request for service asked the clerk to serve Father's attorney of record by certified mail with a copy of the items Mother had filed. The record does not support Father's contention that Mother failed to file and properly serve her July 28, 2009 motion and affidavit of income and expenses. His third assignment of error is overruled.

Assignment of Error Number Four

THE TRIAL COURT SHOWED BIAS IN DISMISSING MOTIONS OF THE APPELLANT WHILE ALLOWING MOTIONS OF THE APPELLEE TO PROCEED DESPITE THE SAME FLAWS[.]

{¶15} In his fourth assignment of error, Father argues that the trial court demonstrated bias by dismissing his June 2, 2010 motion due to procedural defects after it had considered Mother's procedurally defective July 28, 2009 motions on the merits. As set forth in Father's third assignment of error, Mother's motion to modify and affidavit of income and expenses did not suffer from the procedural defect(s) that Father alleged. Further, this Court "cannot vacate

[a] trial court's judgment on the basis of judicial bias * * *." *Catanzarite v. Boswell*, 9th Dist. No. 24184, 2009-Ohio-1211, ¶ 9. Father's fourth assignment of error is overruled.

## III

{¶16} Father's first assignment of error is sustained, and his remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>

BELFANCE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶17} I concur that this case should be remanded. While the record does not contain explicit evidence that Mr. Forster had notice that the hearing would address Ms. De Young's outstanding child-support motion, there is evidence that Ms. De Young knew that the hearing would include her motion, which suggests that the parties, due to their frequent court appearances and ongoing litigation, knew that the magistrate intended to consider the outstanding child support motion. In light of the exchange occurring between the magistrate and Mr. Forster, it appears that the magistrate may not have found Mr. Forster to be credible. However, the magistrate never made a finding on this issue, nor identified on the record why she thought Mr. Forster would have known about the matters to be considered at the hearing. This is understandable since Mr. Forster never specifically objected to the hearing going forward. Nevertheless, given Mr. Forster's pro se status at the hearing,[1] the fact that the record contains no explicit notice about the hearing, and that the record is unclear as to Mr. Forster's credibility, the matter should be remanded for further proceedings. Accordingly, I concur in the majority's judgment.


APPEARANCES:

MICHAEL FORSTER, pro se, Appellant.

LAURA DE YOUNG, pro se, Appellee.

---

[1] The transcript reveals that the magistrate was sympathetic of the pro se status of both parties and attempted to assist both of them in presenting the case, even allowing Mr. Forster to submit evidence following the hearing.