[Cite as *Lee v. Lee*, 2019-Ohio-61.]

STATE OF OHIO        )
                          )ss:
COUNTY OF LORAIN   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

MICAH LEE

     Appellant

     v.

ANGIE LEE, et al.

     Appellees

C.A. No.     17CA011235

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11 DU 074016

DECISION AND JOURNAL ENTRY

Dated: January 14, 2019

CALLAHAN, Judge.

{¶1} Appellant, Micah Lee, appeals the judgment of divorce entered by the Lorain County Court of Common Pleas, Domestic Relations Division. This Court reverses the trial court's judgment and remands this matter for a new trial.

I.

{¶2} Micah and Angie Lee married on March 15, 1991. Their first child was born shortly thereafter and is now emancipated. Their second child was born in 2002. Mr. Lee filed a complaint for divorce on July 11, 2011. While the divorce was pending, the trial court restrained the parties from "concealing, selling, transferring, encumbering or otherwise disposing [of] any of the marital assets of the parties without prior Court order." When Ms. Lee retained counsel, she moved the trial court to add Mr. Lee's paramour as a necessary party under Civ.R. 75(B)(1), alleging that she held marital property subject to the court's jurisdiction. On the first day of trial, Ms. Lee also moved for leave to file an amended answer naming several third-party defendants

and asserting claims against them related to alleged dissipation of marital assets. The trial court granted leave, but severed adjudication of the third-party claims from the trial of the divorce action.

{¶3}  The trial court heard seven days of testimony over two months in 2014, but—by its own admission—delayed in entering judgment until more than two years after the date trial commenced. Mr. Lee attempted two previous appeals, but on each occasion, this Court determined that the trial court had not yet entered a final appealable order. On November 2, 2017, the trial court entered the judgment from which Mr. Lee has now appealed. His seven assignments of error are rearranged for purposes of discussion.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ENTERED JUDGMENT FINDING HUSBAND'S PREMARITAL 1968 GTO HAD BEEN FRAUDULENTLY CONVEYED TO CHRISTOPHER COLLIER; AND HUSBAND HAD ENGAGED IN FINANCIAL MISCONDUCT BY USING MARITAL MONIES MEANT TO SUPPORT THE WIFE FOR LARRA DOUGLAS AND, BY SELLING THE GTO AND THE HOT TUB IN VIOLATION OF THE MUTUAL RESTRAINING ORDER, WHERE THE JUDGMENT WAS CONTRARY TO LAW, AND THE FINDINGS WERE AGAINST THE WEIGHT OF THE EVIDENCE.

{¶4}  Mr. Lee's first assignment of error is that the trial court erred by concluding that he had fraudulently conveyed or otherwise disposed of certain property in violation of the trial court's temporary orders. This Court agrees.

{¶5}  R.C. 3105.171(B) provides that "[i]n divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property." This is a fact-based determination that falls squarely within the province of the trial court. *See Suppan v. Suppan*, 9th Dist. Wayne No. 17AP0015, 2018-Ohio-2569, ¶ 23. The failure to classify property as marital or separate property is error. *See Girton v. Girton*, 4th Dist. Athens No. 08CA30,

2009-Ohio-4458, ¶ 8. In this case, the trial court determined that Mr. Lee wrongfully disposed of certain items of property without first classifying whether those items were martial or separate property and despite the fact that the record contains conflicting evidence on this point. Mr. Lee's first assignment of error is sustained on that basis.

### ASSIGNMENT OF ERROR NO. 6

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ENTERED JUDGMENT ORDERING HUSBAND TO REIMBURSE CHRISTOPHER COLLIER FOR THE PURCHASE PRICE OF THE GTO, WHERE NO DEMAND WAS MADE BY COLLIER.

{¶6} Mr. Lee's sixth assignment of error argues that the trial court erred by requiring him to refund the purchase price of a vehicle to the purchaser as a consequence of fraudulent conveyance. This Court has sustained Mr. Lee's first assignment of error with respect to the vehicle at issue, and Mr. Lee's sixth assignment of error is, therefore, moot. *See* App.R. 12(A)(1)(a).

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ORDERED HUSBAND TO PAY SPOUSAL SUPPORT TO WIFE IN THE AMOUNT OF $1,500.00 PER MONTH, FOR 60 MONTHS, PLUS POUNDAGE, WHERE THE AMOUNT OF SUPPORT WAS UNREASONABLE.

{¶7} Mr. Lee's second assignment of error argues that the trial court's spousal support determination reflects an abuse of discretion. Within this assignment of error, he has argued, among other things, that the trial court's calculation of his income is against the manifest weight of the evidence. This Court agrees.

{¶8} As a general rule, a spousal support award is reviewed for an abuse of discretion. *Hirt v. Hirt*, 9th Dist. Medina No. 03CA0110-M, 2004-Ohio-4318, ¶ 8, citing *Schindler v. Schindler*, 9th Dist. Summit No. 18243, 1998 Ohio App. LEXIS 263, *20-21. In this case,

however, Mr. Lee's second assignment of error challenges the trial court's finding that his income for purposes of R.C. 3105.18 should include $20,000 for side jobs based on the evidence presented at the hearing. As such, the substance of his assignment of error argues that this finding is against the manifest weight of the evidence. *See Walters v. Walters*, 9th Dist. Medina No. 12CA0017-M, 2013-Ohio-636, ¶ 7. When the weight of the evidence is challenged in a civil case, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." (Alterations in original.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶9} A trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) "[i]n determining whether spousal support is appropriate and reasonable," and in determining the nature, amount, terms, and duration of a spousal support payment. R.C. 3105.18(C)(1). These factors include "[t]he income of the parties, from all sources" and "[t]he relative earning abilities of the parties[.]" R.C. 3105.18(C)(1)(a) and (b). With respect to the earning abilities of the parties, this Court has noted that "[t]he end result is * * * to consider and weigh the spouses' relative earning abilities along with the other factors in arriving at reasonable spousal support both as to amount and term." *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011-Ohio-2087, ¶ 19.

{¶10} As an initial matter, this Court notes that Ms. Lee did not file an appellate brief. Under App.R. 18(C), therefore, this Court may "accept [Mr. Lee's] statement of the facts and issues as correct and reverse the judgment if [his] brief reasonably appears to sustain such

action." *See also Kish v. Kish*, 9th Dist. Lorain No. 12CA010185, 2012-Ohio-5430, ¶ 8, citing *Bank of New York v. Smith*, 9th Dist. Summit No. 21534, 2003 Ohio 4633, ¶ 2.

{¶11} The trial court concluded that, for purposes of determining the level of spousal support, Mr. Lee's annual income consisted of $29,000 net income from his flooring business plus $20,000 reflecting "side jobs" that occur on a regular basis. Mr. Lee argues that the trial court's inclusion of this $20,000 attributable to side jobs is against the manifest weight of the evidence. According to the statement of facts in his appellate brief, Mr. Lee testified that for the years 2012 and 2013, his net income from his business was $28,062.88 and $29,908.00, respectively. He acknowledged that he took in gross income of $28,000 for a full-time, three-month job in 2008. Mr. Lee did not characterize this work as a side job. He also testified that he grossed $12,000 for a single side job in 2011. Mr. Lee notes that Ms. Lee did testify about both the 2008 and the 2011 work, but he argues that although Ms. Lee maintained the couple's financial records until 2011, she did not substantiate her claim that Mr. Lee took in $15,000 to $20,000 in additional work on an annual basis.

{¶12} Although Mr. Lee's statement of the facts would reasonably sustain a reversal on this basis, this Court has also reviewed the extensive record on appeal and concludes that the trial court's decision in this respect is against the manifest weight of the evidence. In doing so, this Court is compelled to observe that much of the testimony at trial—elicited by counsel for both parties and permitted by the trial court—was at best irrelevant to the matters at hand and, at worst, inappropriate in substance and tone.

{¶13} To the extent that the record bears on the matter at hand, however, Mr. Lee's statement of facts is also supported by the record. Ms. Lee testified that Mr. Lee received income from the two side jobs in 2008 and 2011 that were also the subject of Mr. Lee's

testimony. Although Ms. Lee confirmed that she managed the couple's finances, she did not identify any other side jobs that Mr. Lee worked and did not introduce any supporting documentation, but stated her belief that he earned $15,000 to $20,000 on side jobs every year.

{¶14} On the other hand, Mr. Lee testified that significant side jobs are "slim and none." He introduced financial records that verified the 2011 job and reflected a corresponding increase in income. Mr. Lee also testified that the 2008 job was not a side job at all, but was his full-time work for a three-month period. He also did not identify any other jobs in addition to his regular work. Mr. Lee rejected Ms. Lee's supposition that he earned an additional $15,000 to $20,000 per year; he also testified that an estimate of $5,000 to $10,000 per year was "[a]bsolutely not" a reasonable approximation. He estimated that he may earn approximately $1,000 per year in side jobs. Three contractors who perform work with Mr. Lee testified: one stated that he had done "a few" side jobs, and another testified that the source of Mr. Lee's jobs varied. Neither offered further testimony about the nature of the work that they did for Mr. Lee, the degree to which the work was side work on his part, or the monetary value of any such work.

{¶15} Despite the disparity of this testimony, the trial court accepted Ms. Lee's unsubstantiated belief that Mr. Lee earns an additional $15,000 to $20,000 per year because it was "credible." This Court acknowledges the generally accepted principle that a trier of fact is in the best position to determine the credibility of witnesses. Nonetheless, considering the credibility of witnesses and resolving conflicts in the evidence of record is part and parcel of this Court's review when an appellant maintains that a judgment is contrary to the weight of the evidence. *See Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, at ¶ 20. Having reviewed the record and considered the credibility of the witnesses—and viewing these determinations in the

entire context of the record on appeal—this Court concludes that this is the exceptional case in which a reversal based on the weight of the evidence is warranted.

{¶16} Mr. Lee's second assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE THE AMOUNT OF SPOUSAL SUPPORT ORDERED TO BE PAID BY HUSBAND TO WIFE AS INCOME TO WIFE AND INCLUDED NON-RECURRING INCOME FOR HUSBAND AS INCOME TO HUSBAND, ON THE CHILD SUPPORT WORKSHEET.

## ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DEVIATED FROM THE AMOUNT OF CHILD SUPPORT PAYABLE UNDER THE CHILD SUPPORT WORKSHEET TO ZERO, WHERE THE TRIAL COURT FAILED TO ENTER FINDINGS INDICATING HOW IT WAS NOT IN THE BEST [INTEREST] OF THE CHILD FOR SUPPORT TO BE PAID.

{¶17} Mr. Lee's third and fifth assignments of error challenge aspects of the trial court's determination of child support. "In determining the appropriate level of child support, a trial court must calculate the gross income of the parents." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 11, citing R.C. 3119.05. "Gross income" includes "the total of all earned and unearned income from all sources during a calendar year[.]" R.C. 3119.01(C)(7). Because this Court has determined that the trial court's calculation of Mr. Lee's income is against the manifest weight of the evidence in connection with his second assignment of error, his third and fifth assignments of error are moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, WHEN IT ENTERED JUDGMENT IN THE AMOUNT OF $32,000.00 AS ARREARAGE IN HUSBAND'S OBLIGATION TO PAY TEMPORARY SPOUSAL SUPPORT, WHERE THERE WAS NO EVIDENCE TO SUPPORT THE JUDGMENT.

{¶18} Mr. Lee's fourth assignment of error is that the trial court's decision to enter a judgment for an arrearage attributable to failure to pay temporary spousal support between the conclusion of trial and entry of the divorce decree is supported by insufficient evidence or is against the manifest weight of the evidence.

{¶19} When an appellant challenges the evidence supporting the amount of a judgment for arrearage, this Court considers whether the trial court's decision is supported by sufficient evidence or conforms to the weight of the evidence, as appropriate under the circumstances. *See Shih v. Byron*, 9th Dist. Summit No. 25319, 2011-Ohio-2766, ¶ 33. "A civil judgment is based upon sufficient evidence if it is supported by some competent, credible evidence going to all the essential elements of the case." *Brown v. Harrison*, 9th Dist. Summit No. 23108, 2006-Ohio-6231, ¶ 5, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶20} The trial in this case was conducted on seven days between March 4, 2014, and May 14, 2014. More than two years passed before the trial court issued a judgment in the case, and during that interval, the trial court did not consider any further motions related to the arrearage or hear any additional evidence. Consequently, as Mr. Lee notes, the trial court had no evidence before it relating to the two-year period between May 14, 2014, and the trial court's initial entry of judgment. Nonetheless, the trial court concluded that an arrearage "may [have] increased since the final trial date at $825.00 per month over the past twenty-four (24) months equaling $19,800" and entered a total judgment in favor of Ms. Lee on the arrearage in the amount of $32,800, to be paid in monthly payments of $200. In other words, the trial court presumed that because Mr. Lee had been in arrears in the past that he was also in arrears for the two years since the date of trial and entered judgment on that basis alone. There was no

evidence establishing that such an arrearage existed, so the trial court's decision in this respect is based on insufficient evidence.

{¶21}  Mr. Lee's fourth assignment of error is sustained.

**ASSIGNMENT OF ERROR NO. 7**

THE TRIAL COURT ERRED IN VIOLATION OF ORC 3105.73, WHEN IT ENTERED JUDGMENT PROSPECTIVELY FOR ATTORNEY FEES AND LITIGATION EXPENSES TO THE PREVAILING PARTY IN A POSTJUDGMENT PROCEEDING TO "EFFECTUATE PERFORMANCE OF ANY PROVISION OF" THE JUDGMENT ENTRY.

{¶22}  Mr. Lee's final assignment of error argues that the trial court erred by ordering attorney fees and expenses prospectively.

{¶23}  "In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."  R.C. 3105.73(A).  *See also* R.C. 3105.73(B).  Although Mr. Lee's assignment of error refers to the award of attorney's fees and litigation expenses as an award to the "prevailing party," this Court notes that pursuant to R.C. 3105.73, such an award can be made to either party as a matter of equity.  R.C. 3105.73(A)/(B).  The determination of whether such an award is equitable is based on all relevant factors, including "the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."  R.C. 3105.73(A).  *See also* R.C. 3105.73(B).  In light of this Court's disposition of Mr. Lee's first, second, and fourth assignments of error, his seventh assignment of error is premature.

III.

**{¶24}** Mr. Lee's first and second assignments of error are sustained. His third, fifth, and sixth assignments of error are moot. His seventh assignment of error is premature. In light of the numerous errors noted above and the record in this case, as discussed in this Court's resolution of Mr. Lee's second assignment of error, a remand for a new trial is appropriate under the unique circumstances in this case. *See Eastley*, 132 Ohio St.3d 328, 2012-Ohio-2179, at 20.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

HOLLACE B. WEIZEL, Attorney at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, for Appellee.