[Cite as *Reliable Credit Assn., Inc. v. SAFA, Inc.*, 2019-Ohio-2492.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| RELIABLE CREDIT ASSOCIATION, INC., et al., | : | |
| | : | CASE NO. CA2018-11-223 |
| Appellee, | : | O P I N I O N |
| | : | 6/24/2019 |
| - vs - | : | |
| | : | |
| SAFA, INC., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. JD2017-10-1645

Eberly McMahon Copetas LLC, Robert A. McMahon, 2321 Kemper Lane, Suite 100, Cincinnati, Ohio 45206, for appellee

Timothy R. Evans, 110 North Third Street, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Appellant, SAFA, Inc. dba Mo Auto Sales ("SAFA"), appeals from the decision of Butler County Court of Common Pleas denying its motion to dismiss a foreign judgment. For the reasons set forth below, we affirm.

{¶ 2} In July 2017, appellee, Reliable Credit Association, Inc. ("Reliable Credit") received a default judgment against SAFA in the Clackamas County Circuit Court located in

Oregon. The judgment against SAFA was in the amount of $8,845 plus interest, costs, and attorney fees. Several months later, in October 2017, Reliable Credit filed the foreign judgment in the Butler County Common Pleas Court ("trial court") as provided for by R.C. 2329.022. Three days later, notice of the foreign judgment was sent to SAFA in accordance with R.C. 2329.023. In that notice, the trial court informed SAFA that the foreign judgment was filed by Reliable Credit and that "[e]xecution may issue on this Judgment thirty (30) days after the above date."

{¶ 3} Thereafter, in December 2017, Reliable Credit filed an Affidavit, Order and Notice of Garnishment with the trial court. The garnishment affidavit stated SAFA owed Reliable Credit $10,915.53 and named Fifth Third Bank as the garnishee. Along with the affidavit, a Notice to Judgment Debtor was also filed with the trial court, which notified SAFA that the trial court had issued an order in favor of Reliable Credit, and that some of its funds at Fifth Third Bank would be used to satisfy its debt to Reliable Credit. The notice also included the following disclosure:

> If you dispute [Reliable Credit's] right to garnish your property and believe that h [sic] should not be given your money, property or credits * * * now in the possession of [Fifth Third Bank,] because they are exempt or feel that this order is improper for any other reason, you may request a hearing before this court by disputing the claim in the request for hearing form * * * and delivering the request for hearing to this court at the above address. * * * *If you request a hearing, the hearing will be limited to a consideration of the amount of your money, property, or credits, other than personal earnings, in the possession or control of [Fifth Third Bank], if any, that can be used to satisfy all or part of the judgement you owe to [Reliable Credit]. No objections to the judgment itself will be heard or considered at any hearing.* (Emphasis added).

The garnishment notice and affidavit were served upon SAFA.

{¶ 4} In January 2018, SAFA requested a hearing regarding the garnishment. In its request, SAFA indicated it disputed Reliable Credit's right to garnish SAFA's property for the following reasons: it had not received notice of the Oregon foreign judgment; there was no

service of the Oregon lawsuit upon SAFA; Reliable Credit knowingly used SAFA's incorrect address; and SAFA only received the garnishment from Fifth Third. SAFA signed and confirmed that it understood no objections to the judgment itself would be heard or considered at the hearing.

{¶ 5} After a hearing before the magistrate, the trial court found that SAFA failed to demonstrate that Reliable Credit sought funds that were statutorily exempt. The trial court further noted that SAFA attempted to collaterally attack the judgment out of Oregon, but the garnishment was to stand. SAFA did not file any objections to that decision.

{¶ 6} Thereafter, in April 2018, the Clackamas County Circuit Court informed the trial court that the judgment was fully paid and satisfied. As such, the trial court filed an entry of satisfaction.

{¶ 7} Several months later, in September 2018, SAFA filed a motion to dismiss the foreign judgment. In its motion, SAFA argued the default judgment was invalid and void because SAFA was never served with the Oregon lawsuit, and therefore, the Clackamas County Circuit Court did not have personal jurisdiction over SAFA. The trial court denied SAFA's motion, finding that "[a]ny basis for voiding the judgment should have been presented and preserved prior to the entry of garnishment[.]" The trial court further indicated it was not inclined to disrupt the finality of judgment that came with the satisfaction of the judgment.

{¶ 8} SAFA now appeals, raising one assignment of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE COURT ERRED IN DISMISSING DEFENDANT SAFA'S MOTION TO DISMISS OR VACATE THE JUDGMENT.

{¶ 11} SAFA argues the trial court erred in dismissing its motion to dismiss or vacate the judgment because the Clackamas County Circuit Court did not have personal jurisdiction

over SAFA, and therefore, the judgment is void and SAFA is entitled to vacate the foreign judgment. SAFA also contends that the trial court erred in finding SAFA's failure to object to the garnishment decision prevented a dismissal.

{¶ 12} A foreign judgment is subject to collateral attack in Ohio only if there was no subject matter or personal jurisdiction to render the judgment under the law of the foreign state. *Litsinger Sign Co. v. American Sign Co.*, 11 Ohio St.2d 1, 1 (1967). ORC 2329.22 provides that:

> A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in the same manner as a judgment of a court of common pleas.

{¶ 13} Based on the plain reading of ORC 2329.022, once properly domesticated, a foreign judgment becomes for all relevant purposes an Ohio judgment. It is clear that the original Oregon judgment was properly domesticated and renewed in Ohio, thereby making it a valid and enforceable Ohio judgment, and subject to collateral attack.

{¶ 14} SAFA attempted to collaterally attack the judgment at the garnishment hearing and in its motion to dismiss on the basis of personal jurisdiction.[1] The trial court did not address the merits of SAFA's personal jurisdiction claim on either occasion. Rather, the trial court indicated it was improper to object to the judgment itself at the garnishment hearing and

---

1. SAFA also attempted to collaterally attack the foreign judgment by filing a separate lawsuit in Butler County Common Pleas Court, Case No. CV 2018-02-0387. The trial court dismissed SAFA's separate lawsuit and this court affirmed the dismissal, holding that any jurisdictional challenge to the foreign judgment should have been initiated under the JD case number, not in a separate lawsuit with a separate case not associated with the foreign judgment. *SAFA, Inc. v. Reliable Credit Ass'n*, 12th Dist. Butler No. CA2018-08-157, 2019-Ohio-336. We note that the motions discussed in this opinion are not the same as those discussed in SAFA's appeal of Case No. CV2018-02-0387.

further found that any challenge to the judgment should have been asserted prior to the judgment's satisfaction. We agree.

{¶ 15} It is well-established law that a satisfaction of judgment renders an appeal moot where the judgment is voluntarily paid and accepted as satisfaction. This resolves the case and operates to eliminate the right to appeal. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245 (1990), citing *In re Appropriation for Highway Purposes*, 169 Ohio St. 314, 315 (1959). Simply put, the satisfaction of judgment "puts an end to the controversy" previously litigated and takes away the right to appeal or prosecute error. *Krauss v. Kilgore*, 12th Dist. Butler No. CA99-02-031, 1999 Ohio App. LEXIS 3425, *5-6 (July 26, 1999), *citing Blodgett.*

{¶ 16} Ohio courts have determined this principle of law applies where a defendant files a motion to vacate on the basis that the judgment was void for lack of personal jurisdiction. Specifically, courts have indicated that if a party voluntarily satisfies a judgment, a trial court is not required to determine whether or not the judgment was void for lack of personal jurisdiction because the party could be afforded no relief upon reversal. *See Kevin O'Brien & Assocs. v. Baum*, 10th Dist. Franklin No. 03AP-1010, 2004-Ohio-2713, ¶ 9-10; *Ameritrust v. Rucker*, 8th Dist. Cuyahoga No. 50775, 1986 Ohio App. LEXIS 7474, *2-4 (July 2, 1986); *Huntington Nat'l Bank v. Shelving Co.*, 10th Dist. Franklin No. 99AP-805, 2000 Ohio App. LEXIS 1504, *4-7 (April 6, 2000). Because the appealing party could be afforded no relief, any appeal of that judgment is moot. *Id.*

{¶ 17} A party is deemed to have acted voluntarily in satisfying a judgment when the party fails to seek a stay order prior to the judgment being satisfied. *Hagood v. Gail*, 105 Ohio App.3d 780, 790 (11th Dist.1995). Additionally, if a creditor is entitled to enforce its judgment, such action to enforce judgment does not render subsequent payment involuntary. *CommuniCare Health Servs. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 19. Accordingly, judgments satisfied through garnishment proceedings are not considered

involuntary payment if the creditor was entitled to enforce its judgment at that time and the defendant could have availed itself of a "viable legal remedy," but failed to do so. *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 12, *citing Hagood* at 785.

{¶ 18} Here, the record shows that SAFA voluntarily satisfied the judgment in April 2018, which resolved the case and ended the controversy in question. SAFA has failed to present any evidence that the payment was anything other than voluntarily made. Specifically, SAFA does not dispute that the judgment was satisfied through garnishment proceedings and that it did not seek a stay of execution of that garnishment or otherwise object to the trial court's decision. While SAFA contends it was prohibited from objecting to the garnishment decision, the garnishment notice clearly indicated objections to the underlying judgment would not be heard at the hearing, but did not prevent SAFA from objecting to the trial court's decision or requesting a stay of execution.

{¶ 19} We note that approximately four months elapsed between the date the garnishment affidavit and notice were filed and the date the trial court was notified of the judgment's satisfaction. As such, SAFA had ample time to seek a stay of execution to prevent payment of the judgment. Because SAFA failed to do so, an appeal of that judgment is now moot.

{¶ 20} We further note that even if the argument was not moot, SAFA has waived any objection to personal jurisdiction.

{¶ 21} Although a party can defend against the enforcement of a foreign judgment on the ground that the court rendering the judgment lacked personal jurisdiction, "the defense of lack of personal jurisdiction may by lost by failure to assert it seasonably[.]" *Friedman v. Kalail*, 9th Dist. Summit No. 20657, 2002-Ohio-1501, ¶ 21, *quoting Nichols, Rogers & Knipper LLP v. Warren*, 2d Dist. Montgomery No. 18917, 2002 Ohio App. LEXIS 58, *3 (Jan.

11, 2002). In other words, a defendant is considered to have waived his defense of lack of personal jurisdiction when his conduct does not reflect a continuing objection to the power of the court to act over the defendant's person. *Nichols, Rogers & Knipper LLP* at * 4. Ohio courts have further held that waiver of a personal jurisdiction defense occurs where appearances and filings "cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Shoptaw v. I & A Auto Sales, Inc.*, 10th Dist. Franklin No. 12AP-453, 2012-Ohio-6259, ¶ 16.

{¶ 22} SAFA contends it was not served with the Oregon judgment or the Ohio judgment, and first learned of the lawsuit when it was served with the garnishment affidavit and notice. Notwithstanding the evidence in the record that SAFA was properly served with the Ohio judgment in October 2017, it was, at minimum, on notice of Reliable Credit's claims when it was served with the garnishment notice in December 2017. At that time, SAFA requested a hearing regarding the garnishment, despite acknowledging it could not collaterally attack the judgment through such a hearing. Counsel for SAFA appeared and participated at that hearing, and did not challenge the trial court's decision regarding the garnishment. Thereafter, the trial court issued a satisfaction of the judgment. Several months after the entry of satisfaction, SAFA, for the first time in this case, raised the issues of service and personal jurisdiction with the trial court by filing its motion to dismiss the foreign judgment. Because SAFA waited several months to raise the issues of service and personal jurisdiction, it failed to continuously object to the power of the court over it. Moreover, by participating in the garnishment proceedings prior to properly raising its personal jurisdiction defense, SAFA caused the court to go through several months of wasted efforts if personal jurisdiction did not exist. As such, even if SAFA's appeal had not been moot, SAFA waived its personal jurisdiction defense.

{¶ 23} In light of the foregoing, we find the trial court properly denied SAFA's motion to

dismiss the foreign judgment.  Accordingly, SAFA's assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

S. POWELL and PIPER, JJ., concur.