[Cite as *Wenger v. Wenger*, 2024-Ohio-3354.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

ANDREA WENGER

    Appellant

    v.

HOLLIN CARY WENGER

    Appellee

C.A. No.    22AP0058

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2021 DR-B 000005

DECISION AND JOURNAL ENTRY

Dated: September 3, 2024

CARR, Judge.

{¶1} Plaintiff-Appellant Andrea Wenger ("Wife") appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands the matter for proceedings consistent with this decision.

I.

{¶2} Wife and Defendant-Appellee Hollin Cary Wenger ("Husband") married in August 1991. The parties had two adult children at the time these proceedings began.

{¶3} In January 2021, Wife filed a complaint for divorce and Husband subsequently filed a counterclaim for divorce. Wife was awarded $1,650 per month in temporary spousal support. The matter proceeded to a contested hearing on a few issues, including spousal support. On September 20, 2022, the magistrate issued a decision awarding Wife $1,000 per month in spousal support for a period of eight years with the court retaining jurisdiction to modify the amount and

duration of the award. The trial court issued a decree of divorce that same day, awarding Wife the amount of spousal support set forth by the magistrate and for the same duration.

{¶4} Wife filed objections to the magistrate's decision and Husband filed a response. Thereafter, on December 2, 2022, the trial court issued an entry overruling Wife's objections.

{¶5} Wife has appealed, raising two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN INDEPENDENT REVIEW OF WIFE'S OBJECTIONS TO THE MAGISTRATE'S DECISION.

{¶6} Wife argues in her first assignment of error that the trial court failed to conduct an independent review in ruling on Wife's objections to the magistrate's decision. Wife essentially asserts that, because the trial court did not explain why it was overruling her objections, it failed to conduct the independent review contemplated by Civ.R. 53(D)(4)(d).

{¶7} Civ.R. 53(D)(4)(d) provides, in relevant part, that, "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

> Appellate courts * * * presume that a trial court conducted an independent analysis in reviewing a magistrate's decision in accordance with Civ.R. 53(D)(4)(d) * * *. Accordingly, a party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its * * * duty of independent analysis. An affirmative duty requires more than a mere inference, it requires appellant to provide the reviewing court with facts to rebut our general presumption.

(Internal citations and quotations omitted.) *Stowe v. Chuck's Automotive Repair, LLC*, 9th Dist. Summit No. 29017, 2019-Ohio-1158, ¶ 7. "[T]he mere fact the trial court did not cite any specific portion of a transcript or exhibit does not demonstrate the court failed to conduct an independent

review of the objected matters as required by Civ.R. 53(D)(4)(d)." (Internal quotations and citation omitted.) *Id.* at ¶ 8.

{¶8} Here, the trial court stated that it "reviewed" Wife's objections as well as the transcript in overruling her objections. Wife argues that the trial court's failure to discuss the spousal support factors in R.C. 3105.18(C)(1) evidences that the trial court did not conduct the appropriate review. However, just as the magistrate discussed those factors in its decision, the trial court likewise did so as well in its initial judgment entry. It is possible that the trial court's review of the objections and the transcript did not change its view of the factors, and, therefore, it saw no need to further comment on them in overruling the objections. Wife has not met her burden to demonstrate that the trial court failed to conduct the required review in this matter. *See id.* at ¶ 7.

{¶9} Wife's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS SPOUSAL SUPPORT AWARD OF ONLY
$1,000 PER MONTH FOR ONLY EIGHT YEARS.

{¶10} Wife argues in her second assignment of error that the trial court abused its discretion in determining the amount and duration of the spousal support award.

{¶11} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *In re L.M.W.*, 9th Dist. Summit No. 29670, 2020-Ohio-6856, ¶ 9, citing *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. However, "[i]n so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. "As a general rule, a spousal support award is reviewed for an abuse of discretion." *Ostry v. McCarthy*, 9th Dist. Summit No. 29753, 2021-Ohio-2228, ¶ 20, quoting *Lee v. Lee*, 9th Dist. Lorain No. 17CA0011235,

2019-Ohio-61, ¶ 8. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} "A trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) '[i]n determining whether spousal support is appropriate and reasonable,' and in determining the nature, amount, terms, and duration of a spousal support payment." *Ostry* at ¶ 21, quoting *Lee* at ¶ 9, quoting R.C. 3105.18(C)(1). The factors in R.C. 3105.18(C)(1) are:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶13}   Wife, in her pretrial brief, asserted that she should be awarded $2,000 per month in spousal support until she reached potential retirement age at 65.  Her testimony at trial was similar; she stated that, due to the high cost of private insurance, she thought she should receive $2,000 per month in spousal support until she was eligible for Medicare.  However, in her briefing in support of her objections to the magistrate's decision, Wife maintained that she was entitled to spousal support for an indefinite duration.

{¶14}   Here, because Wife did not assert in her pretrial briefing or during her testimony that she should receive spousal support for an indefinite duration, it is difficult to conclude that the trial court abused its discretion in failing to determine that the magistrate's failure to award indefinite duration spousal support was erroneous.  Nevertheless, after reviewing the record, we conclude that trial court did abuse its discretion in awarding spousal support in the amount and duration it did.

{¶15}   At the time of the proceedings, the parties had been married for over 30 years.  Wife was earning approximately $17,000 per year and Husband was earning almost $80,000 per year.  Husband was 52 years old, and Wife was 51 years old.  Husband worked full-time with the Ohio State Highway Patrol and Wife worked part-time as a paraprofessional for the Orrville City Schools.  Wife received training for her current job in 2006.  Husband has supplemented his income with private duty work.  Wife also can work as a personal trainer, but has only supplemented her income doing so, and has had difficulty earning money that way due to COVID-19.  Husband's employment provided relatively low-cost health insurance for the family.  In light of Wife's part-time status, she did not receive health care benefits through her employment.  At the time of the hearing, both parties were living with romantic partners and sharing expenses with

that other person. Husband had bought a $700 engagement ring for his girlfriend; Wife did not have plans to marry her boyfriend.

{¶16} Prior to the marriage, Wife obtained a degree in commercial photography but once she had the parties' first child, Wife stopped working for a number of years and stayed home to raise the parties' children and manage the household. Because of the changes in the photography industry over time, Wife would be unable to utilize her degree without further training and the purchasing of new equipment.

{¶17} Early in the marriage, Husband began training to become a police officer. At times, he worked 80-90 hours per week and sometimes worked two jobs so that Wife could be home with the two children. Husband began working for the Ohio State Highway Patrol in 2001 and, at the time of the hearing, had over $20,000 per year contributed to his retirement. Husband will be required to retire from the Ohio State Highway Patrol when he turns 60 but could have other opportunities available to him at that time. The parties enjoyed a comfortable standard of living but did not accumulate substantial liquid assets. When Husband left the marital residence, Wife accumulated a fair amount of debt to pay for living expenses and attorney fees. While Wife also inherited a significant amount of money, Wife quickly spent the funds on various items. In addition, Wife received the funds from the sale of the marital home, approximately $12,000, as her separate property.

{¶18} The divorce equally divided the parties' retirement benefits; however, Husband will continue to earn substantially more in retirement benefits due to his dramatically higher salary. Each party was responsible for paying his or her own debts, which left Wife paying for considerably more debt than Husband. Wife will additionally become responsible for paying her own health insurance, which was likely to cost her around $800 per month. And while the trial

court acknowledged that the Wife would face the additional cost of her health insurance, the trial court, without explanation, nonetheless concluded that $1,000 per month for eight years was an appropriate amount despite previously awarding her $1,650 per month in temporary spousal support.

{¶19} After considering the totality of the evidence, we conclude that the trial court abused its discretion in awarding Wife only $1,000 per month for eight years. Given the duration of the marriage and Wife's limited earning potential, had Wife sought a spousal award of indefinite duration at the time of trial, we cannot say it would have been unreasonable to award her one. *See Kolar v. Kolar*, 9th Dist. Summit No. 28510, 2018-Ohio-2559, ¶ 14. ("A[ spousal support] award of indefinite duration may be appropriate * * * in cases involving a marriage of long duration, parties of advanced age, or where a spouse has limited earning capacity.") Instead, Wife sought an award that continued until she reached 65 years of age, at which point she would be eligible for Medicare. The testimony, and supporting evidence, make it very clear that health insurance would be a substantial cost and burden for Wife which would be difficult for her to afford due to her limited earnings.

{¶20} In addition, there was evidence that Wife took care of the home and children while Husband undertook training to become a police officer and then worked sometimes 80 to 90 hours per week. Husband also currently earns four times as much as Wife, and given Wife's age and background, it is unlikely she will be able to easily close that gap. Moreover, there has been no demonstration that Wife's earnings fall short of her earning ability. Additionally, even though the parties' retirement funds were equally divided, Husband will continue to earn money towards retirement at a greater rate than Wife due to the disparities in Husband's and Wife's incomes. Considering all of the foregoing, we conclude that the trial court abused its discretion in concluding

that $1,000 per month for a term of eight years, represented an amount and duration that was appropriate and reasonable when considering the statutory factors. *See* R.C. 3105.18(C)(1).

{¶21} Wife's second assignment of error is sustained to the extent discussed above.

III.

{¶22} Wife's first assignment of error is overruled. Wife's second assignment of error is sustained to the extent discussed above. The decision of the Wayne County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
DONNA J. CARR
FOR THE COURT


STEVENSON, P. J.
CONCURS.

HENSAL, J.
DISSENTING.

**{¶23}** Wife has not established that the spousal support award is unreasonable, arbitrary, or unconscionable. I, therefore, do not agree that this Court should conclude that the trial court abused its discretion when it awarded her $1,000 a month for eight years. As the majority has noted, Wife received $1,650 per month in temporary spousal support. At the final hearing, Husband argued the amount was too high because, although he has a higher gross income than Wife, she ended up with a higher net income. On appeal, Wife has not pointed to or performed a calculation of the parties' net income under the amount of spousal support awarded. The majority also has not performed such a calculation to establish the alleged unreasonableness of the award. In addition, if Wife's circumstances change, she may move for a modification of the award. Regarding the duration of the award, eight years will bring the parties to the point of Husband's mandatory retirement, at which time Wife will begin receiving his retirement benefits, which the court divided evenly. Whether it would have been reasonable for the trial court to enter a support order of indefinite duration is not the issue before this Court. As the majority has noted, Wife did not even seek such an award.

APPEARANCES:

LESLIE S. GRASKE, Attorney at Law, for Appellant.

NORMAN R. "BING" MILLER, JR., Attorney at Law, for Appellee.