[Cite as *Carlin v. Reminderville*, 2025-Ohio-1435.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WILLIAM A. CARLIN

    Appellant

    v.

VILLAGE OF REMINDERVILLE, et al.

    Appellee

C.A. No.     31022

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2022-09-3022

DECISION AND JOURNAL ENTRY

Dated: April 23, 2025

HENSAL, Judge.

**{¶1}** William Carlin appeals an order of the Summit County Court of Common Pleas that adopted the decision of a magistrate and dismissed his complaint against the Village of Reminderville. For the following reasons, this Court affirms.

I.

**{¶2}** In 1985, the Village appointed the law firm of Carlin and Carlin to serve as its solicitor and prosecutor. According to Mr. Carlin, he was the sole proprietor of the firm but did business by that name because his retired father sometimes assisted him. Mr. Carlin alleged that he represented the Village until 1997.

**{¶3}** In 1998, Mr. Carlin learned that the Village had not made contributions to the Ohio Public Employees Retirement System ("OPERS") on his behalf until commencing to do so in April of 1988. After contacting the Village, he completed a certification of unreported public service

and submitted it to the Village. An employee of the Village told him that the certification would be sent to OPERS.

{¶4} In 2020, Mr. Carlin sought supplemental health insurance through OPERS but was told he only had 9.25 out of 10 required years in the system. At that point he learned that the Village had not submitted the certification he had completed in 1998. After the Village refused to file a certification of unreported public service, Mr. Carlin filed a complaint against it, seeking an order that would compel the Village to provide the certification to OPERS and make the contributions it was required to make on his behalf from 1985 through 1988.

{¶5} The case proceeded to a trial before a magistrate. Following Mr. Carlin's case in chief, the Village moved for a directed verdict. The magistrate issued a decision that granted the motion and dismissed the case. The magistrate determined that Revised Code 145.037 provides exclusive jurisdiction to the OPERS board to determine whether an individual should have been classified as a public employee before 2013. He found that Mr. Carlin had not made such a request and that such a request would be time-barred at this point. Alternatively, the magistrate found that reasonable minds could only come to one conclusion, which was that Mr. Carlin was not a public employee from 1985 until April 1988. Mr. Carlin filed objections to the magistrate's decision, but the trial court overruled the objections, adopted the decision of the magistrate, and dismissed Mr. Carlin's complaint. Mr. Carlin has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S REPORT THAT WILLIAM CARLIN WAS NOT A PUBLIC EMPLOYEE WITH REMINDERVILLE FOR THE YEARS 1985, 1986, 1987, AND THE FIRST QUARTER OF 1988.

{¶6} In his first assignment of error, Mr. Carlin argues that the trial court incorrectly adopted the magistrate's decision. Specifically, he argues that the court incorrectly adopted the magistrate's finding that he was not an employee of the Village until April 1988. According to Mr. Carlin, under Section 145.037, only OPERS has authority to determine who should be classified as a public employee before 2013. Mr. Carlin also asserts that the magistrate incorrectly found that he would be time-barred from seeking a determination of the issue from OPERS.

{¶7} "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Wenger v. Wenger*, 2024-Ohio-3354, ¶ 11 (9th Dist.), quoting *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.). We consider the trial court's action, however, "with reference to the nature of the underlying matter." *Simecek v. Simecek*, 2024-Ohio-2471, ¶ 13 (9th Dist.), quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). "A motion for a directed verdict assesses the sufficiency of the evidence, not the weight of the evidence or the credibility of the witnesses." *Morgan v. Consun Food Indus., Inc.*, 2024-Ohio-2300, ¶ 33 (9th Dist.), quoting *Ulrich v. Mercedes-Benz USA, L.L.C.*, 2010-Ohio-348, ¶ 6 (9th Dist.). We, therefore, review a ruling on a motion for directed verdict de novo. *Id.*

{¶8} In his complaint, Mr. Carlin alleged that he was employed by the Village from February 1985 to 1997. He alleged that the Village failed to make contributions to OPERS on his behalf until the second quarter of 1988, which was 3.25 fewer years than it should have. He also alleged that he had requested that the Village provide information to him so that he could certify unreported services with OPERS, but the Village had refused to provide the information. He requested that the court compel the Village to provide a certification of unreported services to OPERS and make the contributions it was required to make on his behalf for the specified years.

**{¶9}** Mr. Carlin's complaint requested that the Village certify that his employment with the Village began in 1985 and make any required payments to OPERS on his behalf for 1985, 1986, 1987, and the first quarter of 1988. His claim, therefore, required him to establish that he was entitled to have the Village submit a certification of unreported services on his behalf. Essential to his claim was establishing that he was an employee of the Village from 1985 to 1988. At trial, the parties submitted a copy of a 1985 village resolution. It provided that the "law firm of Carlin and Carlin" was appointed as solicitors for the village. It was printed on "Carlin & Carlin" letterhead that identified the firm as "[a]ttorneys" at law. Other provisions of the resolution indicated that "a lawyer from the office of the Solicitor" would be present at village functions such as council meetings or the mayor's court.

**{¶10}** The parties also submitted a document that had been submitted to OPERS in 1988 that indicated that Mr. Carlin "began service" in the village on April 1, 1988. The document is signed by Mr. Carlin under an affidavit provision affirming that the statements in the document "are complete and true to the best of his . . . knowledge and belief."

**{¶11}** Regarding Section 145.037, subsection (B) provides a process for individuals who provided services to a public employer before 2013 but were not classified as a public employee to have OPERS determine "whether the individual should have been classified as a public employee for purposes of this chapter." It does not bar courts from determining whether a public employer should be required to submit the documentation that Mr. Carlin requested in this case. Furthermore, before the trial began, the magistrate asked the parties whether "the preliminary issue is whether Mr. Carlin was an employee of the Village of Reminderville for the years 1985 and 1986, 1987 and the quarter year of 1988." Mr. Carlin's attorney responded "[t]hat's correct." When the magistrate asked Mr. Carlin whether he wanted to make an opening statement, Mr.

Carlin's lawyer declined, noting that the magistrate had "pretty much framed the issue as far as I'm concerned . . . ." In addition, much of the evidence Mr. Carlin presented concerned whether he was employed by the Village during the disputed time period and not whether the Village has an obligation to submit the documentation he requested to OPERS.

{¶12} In his objections to the magistrate's decision, Mr. Carlin objected to the finding that he was not an employee from 1985 to April 1988. He pointed to the 1985 resolution and argued that it was the basis of his employment beginning in 1985. He did not argue that the court had no authority to determine whether he was a public employee. To the contrary, he "request[ed] the Court to find that [he] was an employee from 1985, 1986, 1987 and the first quarter of 1988 . . . ." Accordingly, upon review of the record, we cannot say that the trial court erred when it addressed whether Mr. Carlin was a village employee from 1985 through the first quarter of 1988. In addition, Mr. Carlin has not developed an argument in his brief that the trial court failed to address any of the issues presented by his complaint.

{¶13} The dissent argues that Mr. Carlin's request to have the Village provide a certification of unreported service to OPERS did not require the court to determine if he was a public employee. Mr. Carlin's statements at the beginning of the trial and in his objections to the magistrate's decision, however, acknowledged that such a determination was appropriate. The dissent also argues that the trial court was not authorized to make such a determination, citing Section 145.037, parts of the administrative code, and *State ex rel. Davis v. Pub. Emp. Retirement Bd.*, 120 Ohio St. 386, 2008-Ohio-6254. Section 145.037 provided a means for individuals who provided personal services to a public employer before 2013 but who were not classified as a public employee to request a determination from the public employees retirement board on whether they should have been classified as a public employee. R.C. 145.037(B)(1). There is no

language in the section that prohibits a court from making a determination about whether an individual was a village employee during a particular time period. In addition, requests for a determination under Section 145.037 had to be made by August 7, 2014. R.C. 145.037(D)(1). Mr. Carlin, therefore, could not seek a determination under that section, as the trial court noted. Regarding Administrative Code 145-1-09 through 145-1-11, those provisions merely implement Section 145 by authorizing the staff of the public employees retirement board to make membership determinations. They also provide an appeals process for such determinations. The *Davis* case, meanwhile, held that a mandamus action could be pursued to challenge the retirement board's denial of service credit. *Davis* at ¶ 24.[1] It did not involve anything other than the denial of a request for service credit that was made to the retirement board.

{¶14} Mr. Carlin's complaint asked the court to compel the Village to provide a certification of unreported service. He acknowledged at trial that the initial question was whether he was an employee from 1985 to April 1988. The magistrate found that he was not. In his objections, he asked the trial court to find that he was an employee during those years. The trial court overruled his objection, finding that Mr. Carlin had "not ma[d]e any citations to the transcript in the argument section of his brief" and had "not direct[ed] the court to any evidence that he was a public employee . . . during the disputed time period." In his brief to this Court, Mr. Carlin has not identified any place in his objections to the magistrate's decision where he provided citations to the transcript or directed the trial court to evidence in the record that he was a public employee during the disputed time period.

---

[1] We note that Mr. Carlin did not file an action for mandamus and we express no opinion about whether that remedy would be available to him.

{¶15} Upon review of the record, we conclude that Mr. Carlin has not established that the trial court erred when it overruled his objections and adopted the magistrate's finding that he was not an employee of the Village from 1985 through the first quarter of 1988. Mr. Carlin's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S REPORT THAT WILLIAM CARLIN DID NOT MAKE A TIMELY REQUEST TO THE PUBLIC EMPLOYEES RETIREMENT BOARD FOR A DETERMINATION OF PUBLIC EMPLOYEE STATUS FOR THE YEARS 1985, 1986, 1987 AND THE FIRST QUARTER OF 1988.

{¶16} In his second assignment of error, Mr. Carlin argues that the trial court incorrectly adopted the magistrate's finding that he did not make a timely request to OPERS for a determination of his status during the contested years. Mr. Carlin argues that he made a request in 1998, well before the deadline under Section 145.037(B)(1). He acknowledges that he did not use "a form provided by the board" as required by the section but asserts it was because there was no such form in 1998. R.C. 145.037(B)(1).

{¶17} Section 145.037 went into effect on January 7, 2013. It provided a window from that date until August 7, 2014, for individuals to seek a determination of whether they "should have been classified as a public employee for purposes of this chapter." R.C. 145.037(B)(1), (D)(1). Mr. Carlin did not present any evidence that he sought a determination of his status during that period. Furthermore, Section 145.037(B)(1) allows individuals to "request . . . a determination" "from the public employees retirement board[.]" The evidence Mr. Carlin presented shows that he submitted a certification of unreported service to the Village in 1998 but there was no evidence that he requested a determination of whether he should have been classified as a public employee from OPERS itself.

**{¶18}** Upon review of the record, we conclude that Mr. Carlin has failed to establish that the trial court incorrectly adopted the magistrate's finding that he did not make a timely request to OPERS for a determination of his status. Mr. Carlin's second assignment of error is overruled.

III.

**{¶19}** Mr. Carlin's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CONCURS.

FLAGG LANZINGER, J.
DISSENTING.

{¶20} I respectfully dissent from the majority opinion because I would reverse the decision of the trial court. In his complaint, Carlin asserted that, in 2021, he "requested that Reminderville provide information so that [he] could certify unreported services with OPERS but Reminderville refused to provide that information." As a result, Carlin requested, in part, the trial court to "compel Reminderville to provide the Certification of Unreported Services to OPERS . . . ."

{¶21} Carlin's request did not require the trial court to determine if he was a public employee. Nor could it. That determination is within the jurisdiction of the OPERS board, the process for which is set forth in the Administrative Code. *See* R.C. 145.037(B)(1); R.C. 145.01; Adm.Code 145-1-09 through 145-1-11; *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 2008-Ohio-6254, ¶ 24 (explaining that if the OPERS board denies service credit to a person, then that person can pursue a mandamus action).

{¶22} Carlin simply requested the trial court to compel Reminderville to complete the required form so that the OPERS board could determine if Carlin was a public employee during the disputed time period. The majority, like the trial court, erroneously decides the issue on the basis that Carlin was not a public employee. But that was not the issue presented in Carlin's complaint, nor could it have been. *See* R.C. 145.037(B)(1); R.C. 145.01; Adm.Code 145-1-09 through 145-1-11; *State ex rel. Davis*, 2008-Ohio-6254, at ¶ 24.

{¶23} The magistrate should have limited the arguments and evidence presented at the hearing to the issue presented in Carlin's complaint. Instead, the magistrate not only usurped the

jurisdiction of the OPERS board, it wholly failed to decide the issue before it.  Consequently, I would hold that the trial court committed reversible error when it adopted the decision of the magistrate.

APPEARANCES:

LEONARD A. SPREMULLI, Attorney at Law, for Appellant.

ANGELA LOHAN, Attorney at Law, for Appellee.